# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRENDA LYNN BOUDREAU,<br><br>    Plaintiff,<br> v.<br><br>PATRICK MCKAY, et al.,<br><br>    Defendants. | Case No. 3:25-cv-00253-SLG |
| BRENDA LYNN BOUDREAU,<br><br>    Plaintiff,<br> v.<br><br>PATRICK MCKAY, et al.,<br><br>    Defendants. | Case No. 3:25-cv-00254-SLG |

## ORDER DENYING REMOVAL OF STATE COURT CASE
## AND DISMISSING ALL OTHER CLAIMS

On September 29, 2025, self-represented litigant Brenda Lynn Boudreau ("Plaintiff") filed a civil complaint[1] and a Notice of Removal.[2] In each case, Plaintiff filed an application to proceed without paying the filing fee and a motion for a temporary restraining order.[3] Plaintiff's claims relate to her arrest and ongoing criminal prosecution in state court. Pursuant to Rule 201 of the Federal Rules of

---

[1] *Boudreau v. McKay, et al.,* Case No. 3:25-cv-00253-SLG.

[2] *Boudreau v. McKay, et al.,* Case No. 3:25-cv-00254-SLG.

[3] Dockets 2-3.

Evidence, the Court takes judicial notice[4] of *State of Alaska v. Brenda L. Boudreau,* Case No. 3PA-24-01751CR.[5]

In Case No. 3:25-cv-00253-SLG ("Case 253"), Plaintiff's Complaint alleges that on September 8, 2024, Alaska State Trooper ("AST") Christopher Havens unlawfully detained Plaintiff without probable cause. Plaintiff also claims that AST Havens fabricated evidence and lied under oath; that District Attorney Katrina Keogh is maliciously prosecuting her; that the state court judges "systematically denied constitutional motions without lawful reasoning"; and that some of Plaintiffs' attempted filings in the state court have been "blocked, mislabeled, or rejected" by an "unknown administrator." For relief, Plaintiff seeks immediate cessation of the Palmer state court proceedings, the dismissal of all state charges, a declaration that the September 8, 2024 stop lacked probable cause, compensatory damages, and "injunctive relief preventing further harassment and unlawful prosecution."[6]

In Case No. 3:25-cv-00254-SLG ("Case 254"), Plaintiff seeks to remove her

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[5] The docket records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] Case 253, Docket 1 at 5.

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 2 of 13
Case 3:25-cv-00253-SLG   Document 4   Filed 02/02/26   Page 2 of 13

pending state court criminal case to federal court.[7] She cites 28 U.S.C. § 1443(1) as authority, and claims that she cannot assert her federal constitutional rights in the state court.[8]

As explained below, Plaintiff cannot remove the pending state criminal case to federal court and Plaintiff's Complaint in Case 253 must be dismissed for failure to state a claim and because Plaintiff names Defendants who are immune from suit.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[9] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

---

[7] Although the State court records reflect that Plaintiff filed a Notice of Removal in the pending state case on September 28, 2025, the state court proceedings have been ongoing since that time, with a pretrial conference presently scheduled for February 2, 2026.

[8] Case 254, Docket 1 at 1.

[9] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 3 of 13
Case 3:25-cv-00253-SLG    Document 4    Filed 02/02/26    Page 3 of 13

> (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[11] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[12] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[13] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[14]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[15]

---

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[13] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[14] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[15] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also*

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 4 of 13

Case 3:25-cv-00253-SLG   Document 4   Filed 02/02/26   Page 4 of 13

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[16]

## DISCUSSION

### I. Plaintiff cannot remove her pending state criminal case to federal court

28 U.S.C. § 1443(1) authorizes the removal of a pending state criminal proceeding where the state court defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof."

To remove a state criminal prosecution under § 1443(1), a two-part test applies.[17] First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"[18] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under

---

*Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[16] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[17] *Patel v. Del Taco, Inc.,* 446 F.3d 996, 998–99 (9th Cir. 2006) (identifying the necessary "two-part test").

[18] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)).

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 5 of 13
Case 3:25-cv-00253-SLG     Document 4     Filed 02/02/26     Page 5 of 13

statutes not protecting against racial discrimination, will not suffice."[19]

Second, a petitioner must assert that the state court will not enforce that right to equal racial civil rights, and that allegation must be supported by reference to a state statute or state constitutional provision that purports to command state courts to ignore the federal rights.[20] Under § 1443(1), the vindication of a defendant's federal constitutional rights is "left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied."[21]

Plaintiff fails to meet each part of this two-part test: she does not allege that her state criminal prosecution is a violation of her right to racial equality, and she fails to show that Alaska has a state statute or constitutional provision that denies her the opportunity to raise such a federal right in state court.

Further, even if there were some plausible basis for Plaintiff to remove her state criminal action, she was required to file the notice of removal "no later than 30 days after the arraignment in the State court, or at any time before trial,

---

[19] *Id.*

[20] *Id. See also People of State of Cal. v. Sandoval,* 434 F.2d 635, 636 (9th Cir 1970); *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824–28 (1966).

[21] *Peacock,* 384 U.S. at 828.

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 6 of 13

Case 3:25-cv-00253-SLG    Document 4    Filed 02/02/26    Page 6 of 13

whichever is earlier."[22] The State initiated charges against Plaintiff on September 8, 2024, and she was arraigned on October 8, 2024.[23] On September 28, 2025, almost a year after her arraignment, Plaintiff filed a Notice of Removal in her state criminal case.[24]

For these reasons, Plaintiff's attempted removal of her state criminal case is improper and untimely. Any attempted removal of Plaintiff's state criminal case at this time would be futile. Therefore, Case No. 3:25-cv-00254-SLG must be DISMISSED without leave to amend and the Palmer court notified that the attempted removal has been denied.

## II. Judicial Immunity

A plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[25] A judge is not deprived of this immunity even if the action the judge took was in error, done maliciously, or was in excess of the judge's authority.[26] To determine whether an act is judicial, a court considers the

---

[22] *See* 28 U.S.C. § 1455(b)(1).

[23] *State of Alaska v. Brenda L. Boudreau,* Case No. 3PA-24-01751CR, Docket Information 09/08/2024 ("Initial Charging Document"); Docket Event 10/08/2024 ("Arraignment: District Court (Out of Custody 3PA)").

[24] *Id.,* Docket Entry 09/28/2025 ("Notice of Removal to the United States District Court for the District of Alaska").

[25] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003).

[26] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 7 of 13
Case 3:25-cv-00253-SLG   Document 4   Filed 02/02/26   Page 7 of 13

following factors: whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[27]

Plaintiff's allegations against Palmer State Court Judges Patrick McKay, Shawn Traini, Martin C. Fallon, and Kari Kristiansen all involve judicial actions taken in their official capacities in criminal cases pending before them. Because these state judges are entitled to absolute judicial immunity, Plaintiff's claims against these Defendants are DISMISSED; allowing leave to amend as to these Defendants would be futile, and accordingly, these claims are dismissed with prejudice.[28]

### III. Prosecutorial Immunity

Acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity.[29] "To be sure, this immunity does leave the genuinely wronged defendant without civil redress

---

[27] *Lund v. Cowan,* 5 F.4th 964, 971 (9th Cir. 2021) (citing *Duvall v. Cnty. of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001)).

[28] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave to amend based on judicial immunity).

[29] *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 8 of 13
Case 3:25-cv-00253-SLG    Document 4    Filed 02/02/26    Page 8 of 13

against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest."[30] Absent plausible allegations that specific evidence was fabricated or falsified *before* the prosecution was initiated, Plaintiff cannot state a viable malicious prosecution claim against Attorney Keogh.[31]

Plaintiff claims that Attorney Keogh "lacks certified DMV records to support the charge, continuing prosecution for over a year without evidence."[32] Plaintiff's claims, accepted as true for purposes of screening, are insufficient to state a malicious prosecution claim against Attorney Keogh. Because Attorney Keogh is entitled to absolute prosecutorial immunity for her actions taken within the scope of her prosecutor's role in the judicial proceedings, Plaintiff's claims against Attorney Keogh must be DISMISSED with prejudice, as the Court finds that allowing leave to amend as to this Defendant would be futile.

---

[30] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). *See also McCarthy v. Mayo,* 827 F.2d 1310, 1315 (9th Cir.1987) ("The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry.").

[31] *Buckley v. Fitzsimmons,* 509 U.S. at 262–63 (denying absolute immunity to prosecutors who were sued for fabricating evidence "during the early stages of the investigation" where "police officers and assistant prosecutors were performing essentially the same investigatory functions.").

[32] Case 253, Docket 1 at 2.

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 9 of 13
Case 3:25-cv-00253-SLG    Document 4    Filed 02/02/26    Page 9 of 13

## IV. Fabrication of Evidence Claim Against AST Havens

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a [government] official."[33] To bring such a claim, a plaintiff must allege plausible facts that demonstrate "that (1) the defendant official deliberately fabricated evidence [that was used to criminally charge the plaintiff], and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."[34] Plaintiff provides only limited information as to what evidence AST Havens is alleged to have fabricated. But regardless, federal courts are extremely limited in when they may intervene in state criminal cases, and particularly when those cases are ongoing. Specifically, the *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[35] the *Rooker–Feldman* doctrine bars claims that would require a federal district court to review and invalidate a state court decision;[36] and the *Heck* doctrine bars Section 1983 claims that necessarily imply the invalidity of a state court conviction or

---

[33] *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001). *see also Bradford v. Scherschligt,* 803 F.3d 382, 386 (9th Cir. 2015) ("A *Devereaux claim* is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence.").

[34] *Spencer,* 857 F.3d at 798; *Caldwell v. City & Cnty. of San Francisco,* 889 F.3d 1105, 1115 (9th Cir. 2018).

[35] *Younger v. Harris*, 401 U.S. 37 (1971).

[36] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 10 of 13

Case 3:25-cv-00253-SLG    Document 4    Filed 02/02/26    Page 10 of 13

sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief.[37] Similarly, under the federal full faith and credit statute, a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state.[38]

The statute of limitations on Plaintiff's potential fabrication of evidence claim does not begin to run until the criminal proceedings against Plaintiff in the state court have concluded.[39] Therefore, Plaintiff's fabrication of evidence claim against AST Havens is DISMISSED at this time without prejudice to the refiling of this claim in a new case after the conclusion of Plaintiff's state criminal case.[40] Plaintiff's claim that AST Havens lacked probable cause to arrest Plaintiff is DISMISSED without leave to amend pursuant to *Heck* and *Younger*.

**IT IS THEREFORE ORDERED:**

1. Case No. 3:25-cv-00254-SLG is **DISMISSED;** the Clerk of Court shall send a copy of this order to the Palmer Court.

2. Plaintiff's claims in Case No. 3:25-cv-00253-SLG against the state

---

[37] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[38] *See* 28 U.S.C. § 1738.

[39] *McDonough v. Smith*, 588 U.S. 109 (2019).

[40] *See Richards v. County of San Bernadino*, 39 F.4th 562 (9th Cir. 2022).

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 11 of 13
Case 3:25-cv-00253-SLG   Document 4   Filed 02/02/26   Page 11 of 13

judges and state prosecutor are **DISMISSED with prejudice** on the basis of immunity.

3. Plaintiff's fabrication of evidence claim against AST Havens in Case No. 3:25-cv-00253-SLG is DISMISSED without prejudice to refiling at the conclusion of Plaintiff's state criminal case. Plaintiff's claim against AST Havens that he lacked probable cause to arrest Plaintiff is DISMISSED without leave to amend as barred by *Younger* and *Heck.*

4. All pending motions in both cases are **DENIED as moot**.

5. The Clerk shall issue a final judgment and close each case.

DATED this 2nd day of February, 2026, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 12 of 13
Case 3:25-cv-00253-SLG   Document 4   Filed 02/02/26   Page 12 of 13

Case No. 3:25-cv-00253-SLG, *Boudreau v. McKay, et al.*
Case No. 3:25-cv-00254-SLG, *Boudreau v. McKay, et al.*
Order Denying Removal and Dismissing All Other Claims
Page 13 of 13
Case 3:25-cv-00253-SLG     Document 4     Filed 02/02/26     Page 13 of 13